[Civ. No. 3775. First Appellate District, Division One.—July 2, 1921.]

J. J. MAURICE, Appellant, v. HATTIE LEHNHARDT, etc., Respondent.

[1] PERSONAL SERVICES — PAYMENT — SUFFICIENCY OF EVIDENCE.—In this action by an employee to recover compensation for services performed on Sundays which were alleged to be outside of his regular employment, the finding that plaintiff had received a weekly salary check as payment in full for seven days' services, and that such checks were received in full satisfaction for services without any objection as to the sufficiency thereof, is supported by the evidence.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge Presiding.

The facts are stated in the opinion of the court.

Howard K. James for Appellant.

Richard M. Lyman, Jr., and Vance McClymonds for Respondent.

KERRIGAN, J.—This action was brought to recover the sum of $347.46 claimed to be due plaintiff from defendant for services rendered, including a certain sum due as interest upon an account stated. Judgment went for defendant and plaintiff appeals.

It appears from the evidence that plaintiff was employed by defendant to determine the factory cost of certain products manufactured by her in the candy business. The alleged claim grew out of services performed by plaintiff on Sundays, which services plaintiff testified were outside of his regular employment and for which plaintiff's manager had promised him he would be paid. The services covered a period of some two years, during which time plaintiff had received and accepted a salary check of $46.03 each and every week he was employed by defendant, attached to which was a slip stating that the amount of the check was for salary for the particular week for which it was given. These checks, 118 in number, were received by

the plaintiff during the course of his employment without any objection as to the sufficiency or correctness of the amount. Upon the severance of their relation of employment plaintiff for the first time demanded payment for thirty-eight days' services covering the several or various Sundays intervening during the course of his employment, claiming that the amount received by him as a weekly salary was for a six-day period only, and that the same did not include payment for the services he rendered on Sundays. The demand for payment of these extra services was made by letter in which plaintiff stated to defendant, among other things, that he had worked Sundays for the reason that he thought it would be a benefit to the house as well as to his own future advancement, and that he knew it was not the desire of defendant to have anyone labor for her without compensation.

Under these facts it was defendant's contention below and is here that the evidence shows plaintiff to have been employed at a fixed salary, and having accepted a salary check each week for his services without objection as to the sufficiency of the amount, that his act in so doing must be regarded as a deliberate admission that the rate of compensation paid was correct, and that the demand for extra services was an afterthought, and only made when plaintiff had ceased to be in the employ of defendant. In other words, defendant claims that the demand came too late for the reason it deprived defendant of her option to terminate the employment had she known of plaintiff's intention to make the demand involved.

[1] From the evidence the trial court found in substance that the defendant had fully paid and satisfied all claims and demands which plaintiff had against her, and specially found that plaintiff had received from defendant during the course of his employment a weekly salary check in the sum of $46.03 as payment in full for seven days' services, and that such checks were received by plaintiff in full satisfaction for his services without any objection on his part as to the sufficiency thereof.

We are of opinion that aside from any question of estoppel the findings are supported by the evidence.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.